[765 NYS2d 72]

In the Matter of MARIO J. PIRRELLO, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, July 3, 2003

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*John F. Speranza,* Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on March 12, 1958, and maintains an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his involvement in a joint venture in 1986. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving all but a single factual issue. The Referee filed a report, which the Grievance Committee moves to confirm and respondent moves to disaffirm in part.

The Referee found that respondent affixed the signature of one of the joint venturers to a business certificate for partners, an amended business certificate and a certificate for discontinuance of business, and he notarized the signatures and caused the documents to be filed. Additionally, the Referee found that respondent made false statements to the Grievance Committee regarding the authenticity of the signatures. Finally, the Referee found that respondent, by acting as attorney for the joint venture, engaged in conduct involving a conflict of interest.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (6) (now [7]) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-104 (a) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client with differing interests therein when the client expects him to exercise professional judgment therein for the protection of the client without fully disclosing to the client in writing the terms thereof, advising the client to seek the advice of independent counsel in the transaction and obtaining the consent of the client in writing to the terms of the transaction and his inherent conflict of interest in the transaction; and

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be

adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests.

We have considered, in mitigation, the Referee's finding that respondent had permission to affix the signature of the joint venturer to the documents at issue. Additionally, we note that respondent previously had an unblemished record after 45 years in practice and that most of the disciplinary violations stem from misconduct that occurred 16 years ago. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

GREEN, J.P., WISNER, SCUDDER, GORSKI and LAWTON, JJ., concur.

Order of censure entered.